1   **WO**

2

3

4

5

6          **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE DISTRICT OF ARIZONA**

8

9   Tony Cruz, Sr.,                                              No. CV-17-02451-PHX-DJH

10                  Petitioner,                                  **ORDER**

11  v.

12  Attorney General of the State of Arizona, et
    al.,
13

14                  Respondents.

15          This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus

16  pursuant to 28 U.S.C. § 2254 (Doc. 1) filed on July 21, 2017 and the Report and

17  Recommendation ("R&R") issued by United States Magistrate Judge Deborah M. Fine

18  (Doc. 26) on August 2, 2018.  Petitioner filed an Objection to the R&R ("Objection") (Doc.

19  32) on November 8, 2018.  Respondents filed a Reply to Petitioner's Objection ("Reply")

20  (Doc. 35) on December 3, 3018.

21          Petitioner raised four grounds for relief in his Petition.  (Doc. 6 at 1).  After a

22  thorough analysis, Judge Fine determined that the Petition was filed after the statute of

23  limitations period expired, that he was not entitled to statutory or equitable tolling, and that

24  Petitioner has not demonstrated actual innocence.  (Doc. 26).  Accordingly, Judge Fine

25  recommends the Petition be denied and dismissed with prejudice.  (Doc. 26 at 9).

26  **I.      Standard of Review**

27          The district judge "shall make a *de novo* determination of those portions of the report

28  or specified proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same).  The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

## II.    Background

The Magistrate Judge set forth the full procedural background of this case in the R&R.  (Doc. 26 at 1-4).  The Court need not repeat that information here.  Moreover, Petitioner has not objected to any of the information in the background section.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection.")

## III.    Petitioner's Objection

As an initial matter, Petitioner's Objection reiterates many of the merit-based arguments he advances in his Petition.  Judge Fine, however, did not reach the merits of Petitioner's claims because she found the Petition was untimely.  (Doc. 26 at 9). *See also White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002) (whether a federal habeas petition is time-barred must be resolved before considering other procedural issues or the merits of any habeas claim).  Petitioner's merit arguments therefore are not objections the Court is obligated to review under the Federal Magistrates Act.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (where there is no objection to a magistrate's factual and legal determinations, the district court need not review the decision "under a *de novo* or any other standard").  Moreover, the Court agrees with Judge Fine that Petitioner's Petition is untimely, and thus also does not reach Petitioner's merit-based arguments.

Petitioner also does not object to the factual basis from which Judge Fine calculated Petitioner's applicable statute of limitations and filing deadlines.  Pursuant to the authorities cited above, the Court is also not obligated to review these findings.  Nonetheless, the Court has reviewed these conclusions and agrees with Judge Fine as to

1   their accuracy.

2          Petitioner's sole objection relates to Judge Fine's determination that Petitioner was

3   not entitled to equitable tolling in assessing the timeliness of his federal habeas petition.

4   **IV.    Discussion of Equitable Tolling**

5          The threshold to meet the requirements for equitable tolling is very high. *Miranda*

6   *v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).   The limitations period set forth in

7   28 U.S.C. § 2244(d) is subject to equitable tolling where a petitioner shows he has been

8   pursuing his rights diligently and that extraordinary circumstances prevented him from

9   filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is

10  applied  sparingly,  as  reflected  by  the  "extraordinary  circumstances"  requirement.

11  *Waldron-Ramsey* v. *Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Equitable tolling is

12  unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating

13  that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest

14  the exceptions swallow the rule.") (citation omitted).  An "external force must cause the

15  untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence

16  on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at 1011 (quoting *Harris v. Carter*,

17  515 F.3d 1051, 1055 (9th Cir. 2008)).  A petitioner seeking equitable tolling bears the

18  burden of demonstrating it is warranted in his habeas case. *Doe v. Busby*, 661 F.3d 1001,

19  1011 (9th Cir. 2011) (citing, *inter alia, Holland*, 560 U.S. at 649).

20          Petitioner asks the Court to generally review the record for evidence that he has not

21  been "intentionally dilatory" in filing his Petition.  (Doc. 32 at 7).  For the first time in his

22  Objection, Petitioner argues that he is entitled to equitable tolling because he "has behaved

23  with [a] reasonable degree of diligence." (*Id.*)  He says the record will provide "an

24  accounting for how he used the time between the denial of his appeal and the mailing of

25  his federal petition." (*Id*.)  He further states that it is "doubtful that any 'similarly situated'

26  person could have or would have done any better, expressly upon such factors as lack of

27  education, indigence, and prisoner's best efforts to use the very limited resources available

28  to him, [and] the complexity of the issues involved…" (*Id.* at 7-8)

1    The Court declines Petitioner's invitation to review his entire record for evidence

2    that he was not dilatory in filing his habeas petition.   It is not the Court's burden to

3    demonstrate that Petitioner is entitled to the remedy of equitable tolling, it is Petitioner's.

4    *Busby*, 661 F.3d at 1011.   Moreover, the reasons Petitioner identifies as the extraordinary

5    circumstances that prevented him from filing a timely petition—his prisoner status, lack of

6    education, and insufficient legal resources at the prison, among others—are insufficient to

7    demonstrate entitlement to equitable tolling.   A *pro se* petitioner's ignorance of the law is

8    not an extraordinary circumstance warranting equitable tolling.   *Rasberry v. Garcia*, 448

9    F.3d 1150, 1154 (9th Cir. 2006).   Courts have also generally found that "difficulties

10   attendant on prison life, such as…restricted access to the law library, and an inability to

11   secure court documents, do not by themselves qualify as extraordinary circumstances." *See*

12   *e.g.*, *Corrigan v. Barbery*, 371 F. Supp.2d 325, 330 (W.D.N.Y. 2005).   Petitioner's

13   Objection that he was entitled to equitable tolling is therefore overruled.   Having failed to

14   show that he is entitled to equitable tolling, Petitioner's federal habeas petition is untimely.

15   **V.     Conclusion**

16        Based on the foregoing,

17        **IT IS ORDERED** that Magistrate Judge Fine's R&R (Doc. 26) is **accepted** and

18   **adopted**.

19        **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant

20   to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

21        **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

22   Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis*

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1  on appeal are **denied** because dismissal of the Petition is justified by a plain procedural

2  bar and jurists of reason would not find the procedural ruling debatable.

3         **IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and

4  enter judgment accordingly.

5         Dated this 14th day of May, 2020.

6

7

8                                              Honorable Diane J. Humetewa
                                               United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28